UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| SUBTLE ELEGANCE, LLC, | : | CASE NO. 10-76360-WLH |
| | : | |
| DEBTOR. | : | |
| _____ | : | |

### UNITED STATES TRUSTEE'S MOTION TO DISMISS CASE AND TO REVIEW AND DISGORGE ATTORNEY'S FEES

The United States Trustee for Region 21, in furtherance of his administrative responsibilities imposed pursuant to 28 U.S.C. § 586(a) and 11 U.S.C. § 1112(b), files this motion to (i) dismiss the above-captioned case and (ii) review and disgorge all attorney's fees paid to the debtor's counsel of record and in support therefor states as follows:

1. The Court has jurisdiction of this matter under 28 U.S.C. §1334(a) and (b), 28 U.S.C. §157(a) and (b)(1). This is a core proceeding under 28 U.S.C. §157(b)(2)(A).

2. The Debtor filed voluntary petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101 et seq., on June 1, 2010 (the "Petition Date"), and remain as the debtor-in-possession.

3. Pursuant to 28 U.S.C. § 586(a)(3)and(4), the United States Trustee's duties include supervising the administration of chapter 11 cases and monitoring deposits or investments under section 345 of title 11. The United States Trustee files this motion in furtherance of his duties and responsibilities pursuant to 28 U.S.C. Section 586 and 11 U.S.C. Section 307.

4. 11 U.S.C. § 1112(b), in pertinent part, provides as follows:

> [T]he court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes

>       cause. . . .
>       (4) For purposes of this subsection, the term "cause" includes –
>           (C) failure to maintain appropriate insurance that poses a risk
>           to the estate or to the public;. . .
>           (F) unexcused failure to satisfy timely any filing or
>           reporting requirement established by this title or by any rule
>           applicable to a case under this chapter;. . .
>           (H) failure timely to provide information or attend meetings
>           reasonably requested by the United States Trustee. . . .

11 U.S.C. §§ 1112(b)(4)(C), (F) and (H).

5.  Pursuant to 11 U.S.C. § 521(a)(1) and Bankruptcy Rule 1007(c), the Debtor was required to file Schedules and Statement of Financial Affairs in conjunction with the petition or within fourteen (14) days thereafter.

6.  As of this date, the Debtor has not yet filed Schedules and Statement of Financial Affairs.

7.  The Debtor's Meeting of Creditors pursuant to 11 U.S.C. §§ 341 and 343 is scheduled to take place on July 8, 2010.

8.  Without complete Schedules and Statement of Financial Affairs, neither the United States Trustee nor creditors and other parties in interest will be able to examine the Debtor meaningfully concerning its financial affairs. Creditors presently will be unable to receive twenty-one days notice of the meeting of creditors as required by Fed. R. Bankr. P. 2002(a)(1).

9.  28 U.S.C. § 586(a)(3) requires the United States Trustee to supervise the administration of all Chapter 11 cases. Among the practices established by the United States Trustee to perform this duty is the scheduling and conducting of an Initial Debtor Interview ("IDI").

10. The purpose of the IDI is to provide guidance and instructions pertaining to the Debtor's responsibilities as a debtor-in-possession.

11. The United States Trustee scheduled the Debtor's IDI originally for June 8, 2010. The Debtor and Debtor's counsel failed to appear for the scheduled IDI. Ultimately, the IDI was rescheduled to June 15, 2010 at the request of Debtor's counsel. On June 15, 2010 Debtor's counsel requested further rescheduling of the IDI. The IDI was rescheduled to June 17, 2010.

12. Debtor and Debtor's counsel failed to appear for the scheduled IDI on June 17, 2010. The Debtor did not provide any of its financial records as requested by the United States Trustee including tax returns, listing of disbursements within the 90 day prepetition period, disclosure of compensation of insiders, and projected cash budget.

13. Given the state of the bankruptcy case and the existing filings, the United States Trustee maintains that the Court should review the Debtor's transactions with its attorney pursuant to 11 U.S.C. § 329. Unfortunately, counsel has neither filed the disclosure of compensation required by Rule 2016 of the Federal Rules of Bankruptcy Procedure nor an application to be retained by the Debtor.

14. Debtor's counsel has demonstrated a pattern of inattention and/or unresponsiveness in this case that has operated to the detriment of the Debtor and its creditors.

15. Bankruptcy Code § 329 provides as follows:

> (a) Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.
> (b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to–
>     (1) the estate, if the property transferred–

        (A) would have been property of the estate . . . ; or
   (2) the entity that made such payment.

11 U.S.C. § 329.

  16. It is ultimately for the court to decide whether or not the compensation is reasonable under Bankruptcy Code Section 329(b). "What constitutes reasonableness is a question of fact to be determined by the particular circumstances of each case. The requested compensation may be reduced if the court finds that the work done was excessive or of poor quality." 3 Alan N. Resnick and Henry J. Sommer, Collier on Bankruptcy ¶ 329.04[1], at 329-15 (15th ed. rev. 2006). In determining the reasonableness of a given fee, the court should consider the competence of the performance and the nature of the services. *In re Grant*, 14 B.R. 567, 569 (Bankr. S.D.N.Y. 1981).

  17. A bankruptcy court has broad power and discretion to deny attorney fees or to order disgorgement of fees already paid. *In re Zepecki*, 277 F.3d 1041, 1045 (8th Cir.2002). Disgorgement is appropriate where the services rendered were ineffective or inadequate. *In re Vargas,* 257 B.R. 157, 166-67 (Bankr.D.N.J.2001); *In re Bruzzese*, 214 B.R. 444, 450-51 (Bankr.E.D.N.Y.1997).

  18. Debtor's counsel failure to appropriately represent the Debtor in this case warrants the disgorgement of all attorneys' fees.

  Wherefore, the United States Trustee prays for the entry of an order (i) dismissing this case in its entirety, (ii) directing the disgorgement of all attorneys' fees and (iii) for such further relief as the court deems appropriate.

        DONALD F. WALTON
        UNITED STATES TRUSTEE
        REGION 21

        By:    */s/ Vivieon E. Kelley*
        Vivieon E. Kelley, Esquire
        Georgia Bar No. 143033
        United States Department of Justice
        *Office of the United States Trustee*
        Suite 362, Richard B. Russell Building
        75 Spring Street, SW
        Atlanta, Georgia  30303
        404-331-4437, ext. 125
        vivieon.e.kelley@usdoj.gov

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| **SUBTLE ELEGANCE, LLC,** | : | CASE NO. 10-76360-WLH |
| | : | |
| DEBTOR. | : | |
| _____ | : | |

**NOTICE OF HEARING**

PLEASE TAKE NOTICE that the Court will hold a hearing on the United States Trustee's motion to (i) dismiss the above-captioned case and (ii) review and disgorge all attorney's fees on **July 15, 2010, at 1:30 p.m.**, in **Courtroom 1403**, Richard Russell Federal Building and United States Courthouse, 75 Spring Street, S.W., Atlanta, Georgia 30303.

Your rights may be affected by the Court's ruling on this pleading. You should read the motion carefully and discuss it with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the court to grant the relief sought in the motion or if you want the Court to consider your views, then you or your attorney must attend the hearing.

You may also file a written response to the motion with the Clerk of the Bankruptcy Court, but you are not required to do so. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing. The address of the Clerk's office is: Clerk, U.S. Bankruptcy Court, Suite 1340, 75 Spring Street, Atlanta, Georgia 30303. If you file a written response, you must attach a certificate stating when, how, and on whom (including addresses) you served the response. You must mail a copy of your response to the undersigned at the address stated below.

Notice given by:	DONALD F. WALTON
	UNITED STATES TRUSTEE, REGION 21

	s/ Vivieon E. Kelley_____
	Vivieon E. Kelley
	Georgia Bar No. 143033

        United States Department of Justice
Office of the United States Trustee
362 Richard B. Russell Building
75 Spring Street, SW
Atlanta, Georgia  30303
(404)-331-4437
vivieon.e.kelley@usdoj.gov

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the United States Trustee's Motion to Dismiss Case and Review and Disgorge Fees and the notice of hearing thereon was sent by First Class United States Mail to the following parties in interest:

Subtle Elegance, LLC
Unit M-8
3781 Martin Luther King, Jr. Drive
Atlanta, GA 30331

Grady A. Roberts
Roberts Law, LLC
191 Peachtree Street, Ste. 3300
Atlanta, GA 30303

Lawrence R. Landry
6000 Lake Forrest Drive, NW, Suite 325
Atlanta, GA 30328

Silver Hill Financial, LLC
4425 Ponce De Leon Blvd, 5th Floor
Coral Gables, GL 33146

Bayview Loan Servicing
P.O. Box 3042
Milwaukee, WI 53201-3042

Done this 17th day of June, 2010.

        By: /s/ Vivieon E. Kelley
            Vivieon E. Kelley
            Trial Attorney